# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) |
|---|---|
| | ) |
| v. | ) Case No. 1:18-CR-41-HAB |
| | ) |
| TYRION L. MCNAIR | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant Tyrion L. McNair's *pro se* Motion to Dismiss Due to Violation of the Speedy Trial Act. (ECF No. 105). The Government filed its Objection (ECF No. 111) on December 4, 2019. For the reasons set forth below, Defendant's motion will be denied.

## PROCEDURAL HISTORY

Defendant was charged by Indictment (ECF No. 20) on April 25, 2018. Defendant was arraigned on April 26, 2018, and requested a speedy trial. (ECF No. 25). At the arraignment, the parties agreed that "time used to prepare and file pre-trial motions pursuant to FRCP 12(b) is excluded when calculating the time period for a speedy trial." (*Id.*). On April 27, 2018, the Court set this matter for trial to begin July 9, 2018. (ECF No. 28). Defendant was instructed that any motion to continue the trial "must include the appropriate reference to the Speedy Trial Act . . ." (*Id.*).

On June 15, 2018, Defendant filed a Motion for Continuance of Trial and Pretrial Conference, and for Extension of Pretrial Motions Deadline and Plea Deadline. (ECF No. 30). In that motion, Defendant requested a sixty day continuance, and identified two bases for a continuance: (1) Defendant was notified by the Government that eighty additional discs of discovery was being produced, and he needed additional time to review that additional evidence;

and (2) the case is complex and it was "unreasonable" to expect Defendant to adequately prepare for trial within the then-existing deadlines. (*Id*., pp. 1–2). Defendant further represented to the Court that "[t]he granting of a continuance in this matter will serve the ends of justice in such a way as to outweigh the best interests of the public and the defendant in a speedy trial." (*Id*., p. 2). The Government had no objection, the motion was granted on June 15, 2018, and the trial was reset to begin on October 1, 2018. (ECF No. 31). Within that order, this Court expressly stated that "[t]he period of delay resulting from this continuance is to be excluded under the terms of the Speedy Trial Act." (*Id*., p. 2).

On June 27, 2018, Defendant was charged by Superseding Indictment (ECF No. 35) adding a co-conspirator, Joshua Smiley ("Smiley"). On September 5, 2018, Smiley filed his Motion to Continue Final Pre-Trial Conference, Pre-Trial Motion Cut-Off Deadline, and Jury Trial Dates (ECF No. 60), seeking a one hundred twenty day continuance. Smiley's motion was premised on largely the same grounds that Defendant used to continue the initial trial date: voluminous discovery and the need for time to adequately prepare a defense. (*Id*., p. 1). Defendant's objection to the continuance is noted in the motion. (*Id*.). Smiley's motion was granted by this Court's September 7, 2018, Order (ECF No. 61), and the trial was continued to February 4, 2019. Again, this Court specifically noted that the ends of justice supported the continuance for Smiley, and further stated that "[t]he period of delay resulting from this continuance is to be excluded under the terms of the Speedy Trial Act . . . with respect to all Defendants joined in this matter pursuant to 18 U.S.C. § 3161(h)(6)." (*Id*., p. 2).

On January 9, 2019, Smiley filed his second Motion to Continue Final Pre-Trial Conference, Pre-Trial Motion Cut-Off Deadline, and Jury Trial Dates (ECF No. 64), this time seeking a one hundred fifty-day continuance. Smiley based his motion on a pending state court

murder trial that Smiley was "involved in." (*Id.*, p. 1). The motion notes that Defendant had no objection to the proposed continuance. (*Id.*, pp. 1–2). The Court granted the motion on January 15, 2019 (ECF No. 65) and continued the trial until July 8, 2019. Again, this Court specifically noted that "[t]he period of delay resulting from this continuance is to be excluded under the terms of the Speedy Trial Act . . . with respect to all Defendants joined in this matter pursuant to 18 U.S.C. § 3161(h)(6)." (*Id.*, p. 2).

On April 16, 2019, Defendant filed his first Motion to Dismiss Due to Violation of the Speedy Trial Act (ECF No. 74). Defendant argued, as he does in the instant motion, that he has been prejudiced by the continuances in this matter because he anticipates Smiley will testify against him, and Defendant asserts that Smiley's testimony would not have been available at the time of the first trial setting. This Court denied Defendant's motion in its May 14, 2019, Opinion and Order (ECF No. 80).

Since the denial of Defendant's last motion to dismiss, *three additional continuances* have been requested on Defendant's behalf. On June 17, 2019, Defendant filed another Motion to Continue Pretrial Motion Cutoff Date, Plea Agreement Deadline, Final Pretrial Conference, and Trial (ECF No. 81), again citing the eighty discs of discovery as the basis for the continuance. Neither the Government nor the Defendant consented to the continuance. The Court held a hearing on the motion on June 24, 2019. After hearing argument, the Court granted in part and denied in part the motion, continuing Defendant's trial until August 26, 2019. (*See* ECF No. 86). Again, the Court noted that "[t]he period of delay resulting from this continuance is to be excluded under the terms of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) & (h)(7)(B)(iv)."

On August 8, 2019, Defendant filed his Motion to Continue Final Pre-Trial Conference, Pre-Trial Motion Cut-Off Deadline, and Jury Trial Dates (ECF No. 97). This time, the basis for

the continuance was the fact that new counsel had been appointed to represent Defendant, and new counsel needed an additional ninety days to prepare. The Government consented to the motion, but Defendant did not. Finding that "the ends of justice served by granting such a continuance outweigh the public's and the Defendant's interests in a speedy trial," this Court continued the trial until December 3, 2019. (ECF No. 98). It was again noted that the period of delay would be excluded under the terms of the Speedy Trial Act.

Finally, on November 19, 2019, this Court held a hearing on Defendant's request to proceed *pro se*. After granting Defendant's request, Defendant sought, and was granted, a continuance of his trial until February 4, 2020. (ECF No. 106). During the same hearing, Defendant filed the instant motion in open court.

## LEGAL ANALYSIS

18 U.S.C. § 3161(c)(1) provides, in relevant part,

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Subsection (h) sets forth several periods of delay that are excluded in computing the time within which trial must commence. Relevant to this case, the statute excludes from computation "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" and "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action

4

outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(6), (7)(A).

Although styled as a Motion to Dismiss due to a violation of the Speedy Trial Act, the Defendant's primary argument is not a violation of the statute. Rather, his arguments implicate the related, but distinct, Sixth Amendment constitutional right to a speedy trial. *See United States v. O'Conner*, 656 F.3d 630, 643 (7th Cir. 2011). In determining whether a defendant's constitutional speedy trial rights have been violated, the Supreme Court has rejected inflexible approaches in favor of a balancing test. *Barker v. Wingo*, 407 U.S. 514, 529–30 (1972). That balancing test includes consideration of four factors: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Id*. at 530. It is undisputed that defendant asserted his right to a speedy trial, and Defendant concedes that the delay "was not considerable." (ECF No. 74, p. 2). Accordingly, only factors 2 and 4 are in dispute.

Although there were multiple continuances granted in this case, Defendant challenges only the allocation of time from the first continuance. Defendant asserts that, although he requested the continuance, the reason for the delay was that "[t]he Government withheld discovery from defendant which violates Federal Rules of Criminal Procedure, Rule 16, Discovery and Inspection." (ECF No. 105 at 2). A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. *Barker*, 407 U.S. 531. However, Defendant provides no evidence of any deliberate action on the part of the Government. It must also be noted that the additional discovery was not the sole basis for the first continuance; Defendant also asserted as a separate basis that "[t]he case is complex and due to the nature of the prosecution it is unreasonable to expect adequate preparation for pretrial proceedings and/or for the trial itself within the current time limits established by the Court." (ECF No. 30, pp. 1–2).

Accordingly, the Court concludes that the reason for delay does not weigh in favor of finding a violation of Defendant's rights.

Nor does the Court conclude that Defendant has shown sufficient prejudice. The prejudice asserted by Defendant is the fact Smiley would have been unavailable to testify for the Government at the first trial setting but will be available when this matter goes to trial at the current setting. Contrary to Defendant's assertion, "[p]rejudice is not caused by allowing the Government properly to strengthen its case, but rather by delays intended to hamper defendant's ability to present his defense." *United States v. Tedesco*, 726 F.2d 1216, 1221 (7th Cir. 1984) (citations omitted). Defendant has not identified any prejudice to his ability to present his case, and therefore has failed to identify prejudice that would weigh in favor of finding a violation.

In weighing the factors, the Court has no trouble concluding that Defendant's speedy trial rights have not been violated. While Defendant did timely assert his speedy trial rights, the remaining factors all weigh in favor of the Government. The delay is slight, the reason for the delay is for the benefit of Defendant, and no prejudice has been shown. The instant motion must therefore be denied.

Defendant also argues that the Court "failed to make the requisite factual findings when it granted the ends-of-justice continuances," relying on *United States v. Toombs*, 574 F.3d 1262 (7th Cir. 2009). In *Toombs*, the Seventh Circuit reversed the denial of a motion to dismiss on Speedy Trial Act grounds. The continuance at issue in that case was sought due to recently disclosed discovery, and the district court granted the continuance under the ends-of-justice provision of 18 U.S.C. § 3161(h)(7). *Id*. at 1270. The court determined that the district court had erred in failing to indicate in its order "the nature of the recently disclosed discovery, the relevance or importance

of the discovery, or why the district court thought it proper to grant an approximately two-month continuance in each of the orders." *Id*. at 1272.

The case at bar does not present the same problems. "In setting forth its findings . . . the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993). The nature of the case, and the voluminous nature of the discovery, are obvious in this case. At the time of the subject motion to continue[1], a five-count indictment charged Defendant with five separate instances of drug distribution. (ECF No. 20). The volume of discovery (eighty discs) alone sufficiently demonstrates that significant effort would be needed to review the discovery and prepare for trial. The Government has further highlighted the scope of discovery in this case during the November 19, 2019, hearing, where it indicated that, among other things, the discs contain hours of video and audio recordings of each of the alleged sales. On the basis of the record before it, this Court found that denial of the continuance "would deny counsel for the Defendant the reasonable time necessary to review discovery and effectively prepare for trial, taking into account the exercise of due diligence," invoking additional grounds for the continuance not found in *Toombs*. The Court finds no error in its prior Order and concludes that Defendant's motion must be denied.

---

[1] A superseding indictment, naming a co-defendant, was filed on June 27, 2018, approximately one month after the subject continuance was granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Due to Violation of the Speedy Trial Act (ECF No. 105) is DENIED.

SO ORDERED on December 10, 2019.

                                             s/ Holly A. Brady
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT