UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-41-HAB |
| | ) | |
| TYRION MCNAIR | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's objections to the Presentence Investigation Report. Defendant's objections were originally set for an evidentiary hearing, but Defendant withdrew his request for such a hearing, preferring to proceed on the written record. The objections are now fully briefed and are ripe for determination.

**A.   Possession of a Dangerous Weapon**

Defendant first challenges the imposition of a two level enhancement for possession of a dangerous weapon under USSG § 2D1.1(b)(1). Both sides rely on Application Note 11 to the Guidelines section which provides that "[t]he enhancement should be applied if the weapon is present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.11). The dispute is whether a dangerous weapon was "present" during an enumerated drug offense.

Section 2D1.1(b)(1) requires active or constructive possession of a firearm. *See United States v. Griffin*, 150 F.3d 778, 786 (7th Cir. 1998), citing *United States v. Wetwattana*, 94 F.3d 280, 283 (7th Cir.1 996). Constructive possession exists when a person exercises control over the firearm. *See Wetwattana*, 94 F.3d at 283. Further, a defendant need not possess the gun during the offense of conviction but may possess it during relevant conduct. *See Wetwattana*, 94 F.3d at 283, citing *United States v. Anderson*, 61 F.3d 1290, 1303-04 (7th Cir. 1995). The government must

prove that this enhancement is warranted by a preponderance of the evidence. *Wetwattana*, 94 F.3d at 283.

The Government has proposed several instances that it believes establish Defendant's possession of a firearm during the offense of conviction and relevant conduct. The Court agrees that the evidence offered by the Government tends to show that Defendant possessed firearms at various times during the investigation period. However, the Court cannot conclude that the Government has proven, by a preponderance of the evidence, that the enhancement should apply.

First, the Government relies on several telephone conversations wherein Defendant references firearms. The most prominent of these conversations occurred on March 12, 2018. During that conversation, Defendant advised another individual, Timothy Coats, that he had just completed a sale of methamphetamine. Coats told Defendant that he was "trying to get that pep [gun]," and Defendant responded, "I'm going to bring it to you as soon as I get done with this right here." (ECF No. 135 at 12). The Government argues that the timing of this call, just nine minutes after a recorded drug transaction, establishes that Defendant possessed the reference firearm during that transaction.

Defendant disagrees, submitting that nothing about the conversation links the drug transaction to the firearm. As he writes in his Reply Brief, "If I have a telephone conversation with my wife and tell her that I have just left the office and then tell her that I will be bringing milk home, this does not mean I had the milk at the office." (ECF No. 156 at 2).

The Court finds Defendant's logic persuasive. The Government's argument requires the Court to assume from the conversation, and no other corroborative evidence, that Defendant was in possession of Coats' firearm during the earlier drug transaction. But a finding in the Government's favor would be just that: an assumption. The CHS never saw Defendant with a

firearm during the transaction, and nothing prohibited Defendant from stopping off to pick up the firearm before returning it to Coats, just as the husband in Defendant's example would have to stop at the store to get milk. The Government's hypothesis is reasonable, but it has failed to establish that hypothesis by a preponderance of the evidence.

The Government also points to multiple conversations between Defendant and Amged Alshari, wherein the two men discuss exchanging firearms for marijuana. The Government correctly notes, relying on *Smith v. United States*, 508 U.S. 223 (1993), that when a firearm is exchanged for drugs it is necessarily used during and in relation to a drug trafficking crime. However, as Defendant notes, this argument assumes away a necessary element of the *Smith* analysis: the exchange. Simply put, there is no evidence that the proposed transactions took place. There are no conversations memorializing the exchange, nor subsequent conversations referencing a completed exchange. These conversations demonstrate that Defendant intended to exchange drugs for guns, but do not establish by a preponderance of the evidence that the exchanges occurred.

The Government next raises the fact that a firearm was discovered at Defendant's residence during a search. While the presence of a firearm at a residence can support the enhancement, it is not enough. Instead, there must also be evidence to connect drug activity to the weapon. *See*, *e.g.*, *United States v. Rollins*, 544 F.3d 820, 837–38 (7th Cir. 2008) (firearm found in same bedroom as drug paraphernalia, evidence of drug trafficking in kitchen); *United States v. Womack*, 496 F.3d 791, 798 (7th Cir. 2007) (defendant conducted drug transactions at home, gun found near large stash of money); *United States v. Berkey*, 161 F.3d 1099, 1002 (7th Cir. 1998) (co-conspirator testified that defendant possessed firearm during multiple drug transactions.

That nexus is missing here. The Government points to no evidence putting a firearm in Defendant's possession during any drug transaction. Moreover, there is no evidence in the PSR that any drug activity was connected to the residence. There were apparently no drugs found at the residence and the PSR contains no reference to any transactions occurring there. Therefore, the Court cannot conclude that the presence of a firearm (with disputed ownership) at Defendant's residence (that he shared with his girlfriend) establishes that the enhancement is appropriate.

Finally, the Government points to a traffic stop that occurred on April 6, 2018. During that stop, Defendant was found with marijuana and $3,040.00 in cash and the driver, Jabriel Vaughn, had a firearm on his lap. Officers also located a second firearm "in the area near" the stop "that had damage consistent with being thrown from a car." (ECF No. 135 at 16). This evidence gets the Government the closest, but the Court still struggles to find that this evidence carries the Government's burden.

First is the gun in Vaughn's lap. The Court assumes, because no argument is made to the contrary, that this weapon belonged to Vaughn. Possession by another individual can support an enhancement under USSG § 2D1.1(b)(1), but only where the second individual is a member of the conspiracy and it was reasonably foreseeable to the defendant that the second individual would possess a firearm. *See United States v. Artley*, 489 F.3d 813, 824 n.5 (7th Cir. 2007); *United States v. Luster*, 480 F.3d 551, 558 (7th Cir. 2007). Vaughn is not a co-defendant, nor is he identified by the PSR as having a related case. (ECF No. 135 at 2). While Vaughn did face charges connected to Defendant (*see* Cause No. 1:18-CR-55-HAB), they related solely to Vaughn's sale of a firearm to Defendant. Thus, there is no evidence that Vaughn was a co-conspirator of Defendant, and no basis to impose the enhancement based on Vaughn's possession of a firearm.

4

This leaves only the allegedly discarded firearm. The Court simply does not have enough information to say, with any certainty, that this firearm was ever in Defendant's possession. No one saw Defendant throw the firearm from the vehicle. The Court has not been told how near to the vehicle the firearm was found or the damage to the firearm that made officers believe that it had been thrown from a car. Rather, the connection between Defendant and the firearm appears to be purely speculative. That speculation may be reasonable, but it does not establish Defendant's possession by a preponderance of the evidence.

The Government is correct in noting that firearms are the tools of the trade for drug traffickers. In the Court's opinion it is highly likely, if not certain, that Defendant possessed a firearm at some point in his drug trafficking activities. But the Court cannot substitute its opinion for evidence. Instead, it is the evidence that must establish Defendant's possession. Because that evidence is lacking here, the Court will sustain Defendant's objection to the two level enhancement under USSG § 2D1.1(b)(1).

**B.     Minimal Role Reduction**

Defendant also requests a four level reduction as a minimal participant in the drug conspiracy pursuant to USSG § 3B1.2. There is little to say for this request. As the PSR indicates, multiple controlled buys of controlled substances were made from Defendant. Defendant coordinated these sales through multiple suppliers. Five such sales are documented in detail in the PSR. This level of activity demonstrates that Defendant was as culpable as any individual involved in the conspiracy.

Defendant largely ignores the bulk of the evidence against him by referring only to the transaction underlying Count 5, the sole count of the indictment to which he pled guilty. However, in evaluating a defendant's role in a conspiracy, a court must consider all relevant conduct for

which the defendant is held liable at sentencing. *United States v. Rodriguez-Cardenas*, 362 F.3d 958, 960 (7th Cir. 2004). The Court cannot, then, confine its review of the evidence to a single count. The Court concludes that Defendant is entitled to no reduction under USSG § 3B1.2, and overrules Defendant's objection.

**C.     Conclusion**

For the foregoing reasons, the Court SUSTAINS Defendant's objection to the two level enhancement under USSG § 2D1.1(b)(1). The Court OVERRULES Defendant's objection seeking a reduction under USSG § 3B1.2. The probation officer is DIRECTED to prepare an Amended Presentence Report consistent with this order.

SO ORDERED on October 27, 2020.

                                                 s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT