UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 1:18-CR-41-HAB-SLC |
| TYRION L MCNAIR, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Before the Court is Defendant Tyrion McNair's pro se Motion for Sentence Reduction/Modification. (ECF No. 241). He argues that for his convictions under 21 U.S.C. § 841(a)(1), he should have been sentenced under the guidelines for methamphetamine mixture rather than the guidelines for actual (pure) methamphetamine. *Id.* In support of his motion, he cites a case from a different jurisdiction—*United States v. Robinson*, No. 3:21-cr-14-CWR-FKB-2, 2022 WL 17904534 (S.D. Miss. Dec 23, 2022)—which concluded that the United States Sentencing Commissions guidelines for distinguishing the two substances lacks a basis in empirical data. He marshals this case to argue he is entitled to a reduction in his sentence, which under the methamphetamine mixture guidelines would be subject to a lower base offense level and thus a shorter prison term.

Although he has styled his motion as one for sentence reduction or modification, his claim and its requested relief are only available as a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and

substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . . It is the substance that controls.").

Section 2255 permits a federal prisoner to attack his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), prisoners are entitled to one full opportunity to pursue collateral review. *See Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). But prisoners are barred from filing second or successive habeas petitions unless they obtain certification to do so from the court of appeals. *See* 28 U.S.C. § 2255(h) (providing that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *Suggs v. United States,* 705 F.3d 279, 282 (7th Cir. 2013) (citing *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007)) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition.").

Because serious consequences follow from filing a motion under 28 U.S.C. § 2255, specifically the general prohibition against subsequent or successive motions, this Court will provide Defendant the opportunity to amend his request so that it contains all the § 2255 claims he believes he has or, if he chooses, permit him to withdraw the request.

Regardless of whether he chooses to withdraw the request or proceed, Defendant should bear in mind the one-year limitations period governing these types of claims, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

        States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Should the Defendant withdraw his current petition—and absent equitable tolling which is reserved for extraordinary circumstances—it is possible that this or any future § 2255 motion will be time-barred unless one of the other subsections of paragraph (f) applies.

## CONCLUSION

For the reasons above, the Court CONSTRUES the Defendant's request for sentencing modification (ECF No. 241) as a petition under 28 U.S.C. § 2255 and DIRECTS the CLERK to RE-DOCKET ECF No. 241 to show it as a pending petition under that statute. Along with a copy of this Order, the CLERK is FURTHER DIRECTED to send the Defendant an AO 243 Form printed with the civil and criminal cause numbers for this habeas action.

The Court also ORDERS Defendant, within thirty days of the date of this Order, to do one of the following:

(1) file a notice with the Court that Defendant wants to withdraw his request for relief under § 2255 (ECF No. 241); or

(2) amend or supplement his present motion by submitting a new "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody" AO 243 form with all claims he believes he can present.

Failure by the Defendant to comply with this deadline will result in the Court ruling on his motion on the ground already raised.

3

**SO ORDERED** on October 8, 2025.

                                                   s/*Holly A. Brady*
                                                   CHIEF JUDGE HOLLY A. BRADY
                                                   UNITED STATES DISTRICT COURT